UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------
:
UNITED STATES OF AMERICA,                   :
:           Case No. 1:21-cr-184
    Plaintiff,                              :           OPINION AND ORDER
:           [Resolving Doc. 15]
    v.                                      :
:
JOSEPH STEVENSON,                           :
:
    Defendant,                              :
-------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Following an Elyria Police Department traffic stop outside his apartment building, Defendant Joseph Stevenson was indicted for possessing a firearm as both a convicted felon and a person currently subject to a separate felony indictment.[1] Stevenson now moves to suppress the firearm, arguing that the traffic stop and search of Stevenson's vehicle producing the firearm violated the Fourth Amendment.[2] The government opposes.[3] For the reasons stated below, the Court **DENIES** Stevenson's suppression motion.

I.    BACKGROUND

On January 31, 2021, Officer Joshua Mason of the Elyria Police Department was working security detail at the Midview Crossing Apartments in Elyria.[4] In that role, Officer Mason monitored vehicle and pedestrian traffic around the apartment complex.[5]

During Officer Mason's shift, at around 3:20 in the afternoon, a black Hyundai sedan exited the apartment complex's private driveway, traveling westbound toward Middle

---

[1] Doc. 1.
[2] Doc. 15.
[3] Doc. 18.
[4] Supression Hearing Tr. at 4.
[5] *Id.* at 5.

Case No. 1:21-cr-184
Gwin, J.

Avenue—a public road bordered on both sides by concrete sidewalks.[6] Officer Mason observed the black Hyundai cross the parking complex's roadway that crossed the area extending between adjoining sidewalk portions. No sidewalk markings ran across the apartment's exiting roadway.

The Hyundai did not stop before entering the area running between the nearby sidewalks. Instead, the Hyundai pulled up to the Middle Avenue curb area, stopped, and then made a right turn.[7]

No evidence suggested that there were any pedestrians using the sidewalk. No evidence suggested that any pedestrians were even in the area.

Believing that the black Hyundai's maneuver violated the Ohio traffic code, Officer Mason activated his lights and stopped the Hyundai.[8] Officer Mason testified that he found Defendant Stevenson operating the vehicle and immediately smelled marijuana.[9]

After Officer Mason asked about the smell, Defendant Stevenson admitted that he had marijuana in the car.[10] A traffic database search revealed that Stevenson did not have a valid driver's license.[11]

Officer Mason accordingly ordered Defendant Stevenson to exit the vehicle.[12] Officer Mason then searched the vehicle, finding marijuana, cocaine, and a Taurus Millennium G2 9-millimeter handgun.[13]

---

[6] *Id.* at 24, 26.
[7] *Id.* at 5–6.
[8] *Id.* at 29.
[9] *Id.*
[10] *Id.* at 30.
[11] *Id.* at 34.
[12] *Id.* at 8–9.
[13] *Id.* at 9.

Case No. 1:21-cr-184
Gwin, J.

At the time of the traffic stop, Stevenson had been previously convicted of felony cocaine possession.[14] Stevenson was also facing a Lorain County felonious assault indictment.[15] On March 11, 2021, Stevenson was federally indicted for possessing a firearm as a convicted felon and as a person currently subject to a separate felony indictment—in violation and 18 U.S.C. § 922(g)(1) and (n), respectively.[16]

On May 7, 2021, Defendant Stevenson moved to suppress the firearm, arguing that Officer Mason's traffic stop violated the Fourth Amendment.[17] The government opposes.[18] The Court held a May 25, 2021 supression hearing, and the parties submitted supplemental briefing.[19] The Court now turns to the suppression motion.

## II.     LEGAL STANDARD

The Fourth Amendment generally requires that all government searches and seizures be authorized by a warrant.[20] However, two well-known warrant requirement exceptions apply in this case.

First, law enforcement may conduct a traffic stop upon reasonable suspicion, defined as "a particularized and objective basis for suspecting the particular person stopped of breaking the law."[21] Second, law enforcement may search a stopped automobile upon

---

[14] Doc. 10 at 1.
[15] *Id.* at 2.
[16] *Id.*
[17] Doc. 15.
[18] Doc. 18.
[19] Doc. 19; Doc. 20.
[20] *Maryland v. Pringle*, 540 U.S. 366, 369 (2003).
[21] *Heien v. North Carolina*, 574 U.S. 54, 60 (2014).

-3-

Case No. 1:21-cr-184
Gwin, J.

probable cause, defined as "reasonable grounds for belief" of "a fair probability that evidence of a crime" will be discovered in the searched automobile.[22]

In reaching the required reasonable suspicion and probable cause findings, law enforcement officers are legally entitled to "margin of error" deference in the factual or legal assessments their duties require them to make.[23] The Supreme Court has accordingly held that the Fourth Amendment tolerates searches and seizures based on officers' objectively reasonable factual or legal mistakes.[24]

### III. ANALYSIS

Officer Mason testified that he stopped Defendant Stevenson after observing Stevenson fail to stop before breaking the driveway area extending between sidewalk portions along Middle at the location of the Midview Crossing Apartments' private driveway. Officer Mason believed that his conduct violated Ohio Revised Code § 4511.431(A), which provides:

> The driver of a vehicle or trackless trolley emerging from an alley, building, private road, or driveway within a business or residence district shall stop the vehicle or trackless trolley immediately prior to driving onto a sidewalk or onto the sidewalk area extending across the alley, building entrance, road, or driveway, or in the event there is no sidewalk area, shall stop at the point nearest the street to be entered where the driver has a view of approaching traffic thereon.

Defendant Stevenson takes issue with Officer Mason's interpretation of the statute. Officer Mason conceded at the suppression hearing: (1) that there are no physical markings that demarcate the extension of the Middle Avenue sidewalk over the apartment complex's

---

[22] *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006).
[23] *Heien*, 574 U.S. at 66.
[24] *Id.*

-4-

Case No. 1:21-cr-184
Gwin, J.

private driveway;[25] and (2) that motorists stopping at the Middle Avenue intersection would not have a clear view of oncoming traffic from the hypothetical sidewalk extension.[26]

Defendant Stevenson accordingly claims that "there is no sidewalk area," meaning that the statute allowed him to "stop at the point nearest the street to be entered where the driver has a view of approaching traffic," which he undisputedly did.[27]

The government counters that Ohio law defines a sidewalk as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for the use of pedestrians."[28] And because Middle Avenue pedestrians frequently cross the unmarked portion of the apartment complex's private driveway, the government argues that the unmarked extension is a "sidewalk area extending across the alley, building entrance, road, or driveway" under Ohio Revised Code § 4511.431(A). [29]

This Court cannot find an Ohio decision interpreting this aspect of § 4511.431(A). But Defendant Stevenson, acknowledging the difficulty of this interpretive question, argues that the rule of lenity mandates that such questions be resolved in favor of criminal defendants.

Defendant Stevenson is right that Ohio and Federal law enforce the rule of lenity when examining the ultimate question of criminal liability under a statute.[30] But the Supreme Court has declined to extend the rule of lenity to law enforcement's Fourth Amendment reasonable suspicion and probable cause findings.

---

[25] Suppression Hearing Tr. at 21.
[26] *Id.* at 38–39.
[27] Ohio Rev. Code § 4511.431(A).
[28] *Id.*
[29] Ohio Rev. Code 4511.01(FF).
[30] Ohio Rev. Code § 2901.04(A); *United States v. Santos*, 553 U.S. 507, 514 (2008).

-5-

Case No. 1:21-cr-184
Gwin, J.

"[J]ust because mistakes of law cannot justify either the imposition or avoidance of criminal liability, it does not follow that they cannot justify an investigatory stop."[31] Here, Defendant Stevenson, as in *Heien*, is not attempting to avoid traffic violation liability, where the rule of lenity would aid him.[32] Rather, he is disputing the validity of a traffic stop under the Fourth Amendment, where courts place a thumb on the opposite side of the scale in favor of law enforcement officers who must "make quick decision[s] on the law" as they "whizz[] by."[33]

Because the Court believes that both parties have a reasonable view of whether Ohio Revised Code § 4511.431(A) required Defendant Stevenson to stop before crossing the unmarked Middle Avenue sidewalk extension, the Court finds that Officer Mason could initiate the traffic stop.

That leaves the Officer Mason's probable cause search of Defendant Stevenson's vehicle, which required "reasonable grounds for belief" of "a fair probability that evidence of a crime" would be found in the vehicle. Here, it is undisputed that Officer Mason smelled marijuana when approaching Stevenson's vehicle and that Stevenson admitted he had marijuana in the car when Officer Mason asked. "[A] narcotic's odor, by itself, is sufficient to provide probable cause to conduct a lawful search of a vehicle."[34]

Defendant Stevenson's admission that he had marijuana in the car is even stronger support for "a fair probability that evidence of a crime" would be discovered in his vehicle.

---

[31] *Heien*, 574 U.S. at 67.
[32] *Santos*, 553 U.S. at 514.
[33] *Heien*, 574 U.S. at 67.
[34] *United States v. Crumb*, 287 F. App'x 511, 514 (6th Cir. 2008) (citing *United States v. Puckett*, 422 F.3d 340, 343 (6th Cir. 2005)).

Case No. 1:21-cr-184
Gwin, J.

And contrary to Defendant Stevenson's argument, Officer Mason did not have to stop searching the vehicle after finding the marijuana Stevenson acknowledged. Where officers have probable cause to search a vehicle, criminal defendants cannot limit the scope of an otherwise lawful search to acknowledged contraband. Rather, upon smelling marijuana and finding it in Defendant Stevenson's car, Officer Mason "had reasonable grounds to believe that further evidence of a crime may be found inside the vehicle."[35]

No Fourth Amendment violation occurred.

## IV. CONCLUSION

For these reasons, the Court **DENIES** Defendant Stevenson's suppression motion.

IT IS SO ORDERED.

Dated: May 27, 2021                             *s/        James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[35] *Id.* (citing *Jackson*, 470 F.3d at 306).